UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| ANTOINE DILLARD | ) | |
| | ) | |
| v. | ) | No. 3:06-1185 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court are a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence (Docket No. 1) and an Amended 28 U.S.C. § 2255 And Reply Brief (Docket No. 16), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response to the Motion (Docket No. 3).

The Court has reviewed the pleadings and briefs filed by both parties, the record of Petitioner's underlying conviction, and the entire record in this case. For the reasons set forth below, Petitioner's Motion and Amended Motion are DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Indictment (Docket No. 1 in Case No. 3:03-00128)). Named as a Co-Defendant in the Indictment was Jamon Antonio Hester. (Id.)

Prior to trial, the Petitioner filed a motion to suppress, a motion to dismiss the indictment, and other motions. (Docket Nos. 23, 72, 74 in Case No. 3:03-00128). Through the motion to suppress, Petitioner challenged law enforcement's initial stop of the vehicle in which he was

riding and the subsequent pat-down search that led to the discovery of a firearm in his waistband. (Id.) Through the motion to dismiss the indictment, the Petitioner argued that his arrest and prosecution were based on his race. (Id.) The Court held hearings on the motions and denied them. (Docket Nos. 106, 119.148 in Case No. 3:03-00128).

After a subsequent trial, the jury returned a verdict of guilty. (Docket No. 112, 120, 147 in Case No. 3:03-00128). The Court sentenced the Petitioner to a total term of 48 months imprisonment. (Docket Nos. 137, 152 in Case No. 3:03-00128).

On appeal, Petitioner argued that the Court erred by denying his motion to suppress and challenged his sentence. (Docket No. 154 in Case No. 3:3-00128). The Sixth Circuit affirmed the denial of the motion to suppress and the sentence imposed. Id.

## III. Analysis

### A. The Petitioner's Claims

Petitioner contends that his conviction should be vacated because: (1) his trial and appellate counsel provided ineffective assistance (Grounds One, Two, Five – Twelve); (2) the Court erred in denying his motion to suppress (Ground Three); and (3) the Court erred in denying his pretrial motions alleging racial profiling and discrimination (Ground Four).

### B. The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy,

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws

however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also conducted the trial, he may rely on his recollections of the trial. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court has reviewed the record of the proceeding underlying Petitioner's conviction, as well as the record in this case. The Court finds it unnecessary to hold an evidentiary hearing

---

> of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Motion to Suppress

Petitioner argues that the Court erred in determining that the search in the underlying criminal case was valid. In denying the motion, the Court credited the testimony of the law enforcement officers involved, and found that "there was probable cause to believe that a violation of the traffic laws had occurred; specifically speeding," which led to the stop of the vehicle in which the Petitioner was riding (Transcript of Evidentiary Hearing, at 210 (Docket No. 119 in Case No. 3:03-00128)). The Court explained that the officers appropriately ordered the driver and passenger from the car, pointing out that the Petitioner had given the officers a false name and the officers were unable to confirm his identity. (Id., at 211).

On appeal, the Sixth Circuit affirmed the Court's decision:

> The police may ask a passenger to exit a vehicle incident to a valid traffic stop. . . It was not improper for the officers to question Dillard further, especially since he had given them a false name. Moreover, Officer Garner stated that he smelled marijuana, Officer Byrd testified that he observed an empty holster in the car, and both officers testified that Dillard was making nervous movements with his hands. Under these circumstances, the district court properly ruled that the officers had a reasonable and articulable suspicion that would justify a pat-down search to ensure their safety. . .

(Order, at 2 (Docket No. 154 in Case No. 3:03-00128)).

Petitioner contends that the search was invalid because the Government failed to offer into evidence the holster the officers testified that they had seen in the car along with the marijuana and cologne the officers thought they smelled. As explained above, however, both this Court and the Sixth Circuit found the pat-down search valid principally based on Petitioner's having given the officers a false name. In any event, the Court credited the officers' testimony,

and therefore, the Government's failure to offer the holster and other items into evidence does not affect the validity of the search for Fourth Amendment purposes.

Petitioner's other arguments regarding the initial stop of the vehicle and the subsequent pat-down search of his person were considered by the Court when ruling on the suppression motion. As Petitioner has offered no new facts or arguments indicating the decision of this Court or the Sixth Circuit was in error, the Court concludes that this issue is without merit.

D. Racial Profiling and Discrimination

Petitioner argues that his arrest grew out of racial profiling on the part of law enforcement, and that the jury pool at his trial did not adequately reflect a fair cross section of the community.

This Court considered and denied Petitioner's racial profiling claim at a pretrial hearing, finding that there was "absolutely no factual basis in the record that racial profiling has occurred." (Evidentiary Hearing Transcript, at 212). The Court found that Petitioner had offered no direct or indirect evidence of racial profiling, and that his claim was simply based on "an opinion or hunch." (Id.) The Court found that there was an independent reason for the arrest, and that there was no reason to believe the arrest was racially motivated. (Id.)[2]

Petitioner has offered nothing more at this stage of the proceedings to support his claim. Thus, the racial profiling claim is without merit.

In order to establish a prima facie case that the jury venire did not represent a "fair cross-section" of the community, the Petitioner must show: (1) that the group alleged to be excluded is

[2] The Court also found there was no basis for Petitioner's claim that he was selectively prosecuted based on his race. (Id., at 212-13).

a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process. See, e.g., United States v. Allen, 160 F.3d 1096, 1103 (6th Cir. 1998).

Petitioner has offered no factual support as to the second and third requirements. Thus, this claim is without merit.

E. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 2065.

Petitioner argues that trial counsel failed to challenge the warrantless search that led to discovery of the firearm in his waistband. This argument is belied by the record. Counsel filed a motion to suppress, participated in an evidentiary hearing on the issue, and made arguments to

the Court regarding the search in this case.

Petitioner contends that counsel should have challenged the initial stop of the vehicle by questioning the ability of the officer to determine that the vehicle was speeding given that he was a "nontraffic" officer. The transcript of the evidentiary hearing, however, reveals that counsel did cross examine Officer Christopher Garner about his ability to determine speed and that Officer Garner stated that he did not work in "traffic" but felt confident in his conclusion that the vehicle was speeding. (Evidentiary Hearing Transcript, at 23-26). The Court took that testimony into account in making its decision on the motion to suppress.

Petitioner also argues that counsel should have challenged the pat-down search that occurred after he exited the vehicle. The record indicates, however, that trial counsel challenged the validity of the pat-down search, and that the issue was also raised on appeal, but was rejected by the Sixth Circuit. (Evidentiary Hearing Transcript, at 199-208; Order, at 2 (Docket No. 154 in Case No. 3:03-00128)).

Petitioner argues that trial counsel should have contested the decision to charge him with a federal, rather than a state, crime, and that counsel should have subpoenaed the agent who made the decision to charge him federally. The record indicates that trial counsel did contest the decision to charge the Petitioner with a federal crime, and attempted to call federal witnesses about prosecutorial policies. (Evidentiary Hearing Transcript, at 199-214; Order (Docket No. 106 in Case No. 3:03-00128)). The Court ruled against the Petitioner as it found no basis upon which to contest the Government's decision to charge the Petitioner federally. (Id.)[3] Petitioner

---

[3] The Court denied the Petitioner's motion to discover evidence from certain federal witnesses about prosecutorial policies on the adoption of state cases and race based on the provisions of 28 C.F.R. § 16.23. (Docket No. 106 in Case No. 3:03-00128)).

fails to articulate any basis for challenging the Court's decision, nor does he otherwise explain how counsel was ineffective in pursuing this issue.

Petitioner argues that appellate counsel should have contested the initial stop of the vehicle on appeal, principally challenging the ability of a "nontraffic" officer to estimate speed. Petitioner has failed to demonstrate, however, that the Court erred in rejecting this argument. Petitioner has also failed to articulate any other basis upon which counsel could have contested the initial stop. As this issue is without merit, counsel was not ineffective for failing to raise it. See, e.g., Ludwig, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

Petitioner argues that both trial and appellate counsel should have argued that the law enforcement officers who testified at trial committed perjury. Petitioner does not specify the nature of the perjury except to point out that there was "no holster, spray cologne or cologne bottle or factual proof or an odor of marijuana." Petitioner has failed to demonstrate perjury, which requires a showing of some intentional falsehood. See, e.g., United States v. Wong, 78 F.3d 73, 81 (2nd Cir. 1996); United States v. O'Dell, 805 F.2d 637, 641-42 (6th Cir. 1986). As this issue is without merit, trial and appellate counsel were not ineffective for failing to raise it.

Petitioner argues that his appellate counsel failed to file a petition for writ of certiorari in the United States Supreme Court after his conviction and sentence were affirmed by the Sixth Circuit. Attached to Petitioner's Motion is a copy of a letter from appellate counsel advising Petitioner that he believed there were no grounds for seeking Supreme Court review, and informing the Petitioner that he could file his own petition within 90 days. (Letter dated December 20, 2005 from William Louis Ricker to Antoine Dillard (attached to Motion at Docket

No. 1)).

The Supreme Court has held that there is no Sixth Amendment right to counsel in pursuing an application for discretionary review, including a petition for writ of certiorari to the Supreme Court. Ross v. Moffitt, 417 U.S. 600, 617, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); McNeal v. United States, 54 F.3d 776 (6th Cir. 1995); Washpun v. United States, 109 Fed.Appx. 733 (6th Cir. 2004). Thus, Petitioner's ineffective assistance of counsel claim based on failure to file a petition for certiorari is without merit.

Petitioner argues that appellate counsel filed an inadequate brief but fails to specify in what way the brief was inadequate. Petitioner also generally complains that appellate counsel failed to use "mitigating" and "victorious" arguments on Petitioner's behalf. These claims lack any specifics and do not demonstrate that appellate counsel was ineffective.

As Petitioner has failed to demonstrate that trial counsel or appellate counsel were deficient in their representation of Petitioner, the ineffective assistance of counsel claim is dismissed.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE